

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
555 Fourth St. N.W.
Washington, D.C. 20001

November 30, 2007

**FILED**

DEC 0 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Kelly B. Kramer, Esq.
Nixon Peabody LLP
401 Ninth Street, N.W.
Suite 900
Washington, DC 20004

                Re: United States v. Russell James Caso, Jr.   CR 07-332

Dear Mr. Kramer:

      This letter sets forth the full and complete plea offer to your client, Russell James Caso, Jr., from the Criminal Division of the Office of the United States Attorney for the District of Columbia and the Criminal Division of the United States Department of Justice (hereinafter collectively referred to as "the Government"). This plea offer will expire on December 3, 2007. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**1)**     <u>**Charges and Statutory Penalties**</u>

      Your client agrees to waive indictment and to plead guilty to Count One of the attached Information, charging him with Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371.

      Your client understands that the charge carries a maximum sentence of five years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. (The government is aware of no facts that would give rise to restitution.)

      In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally for the conduct set forth in the attached Statement of Offense or for any other

conduct of which the Government is aware on the date that your client's guilty plea is entered. In addition, your client's wife, Sherrill Caso, will not be prosecuted criminally for any conduct of which the Government is aware on the date that your client's guilty plea is entered. (The Government is not representing that Sherrill Caso has committed any crimes.)

2) **Factual Stipulations**

Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3) **Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

A. **Acceptance of Responsibility: 3-level reduction**

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to § 3E1.1(a). Furthermore, if the Court determines that your client's offense level is 16 or greater, assuming that your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

B. **Criminal History Category**

Based upon the information now available to the government (including representations by the defense), your client has no prior criminal convictions.

In accordance with the above, your client's Criminal History Category is I.

C. **Potential Sentencing Factors**

The parties agree that for purposes of determining the correct Sentencing Guidelines range, the defendant's conduct and any other relevant conduct: constitute a single incident or event; do not

involve a payment, benefit, or potential benefit in excess of $19,000; and do not involve facilitation of any immigration or matters related to legal entry.

### D. Sentencing Allocution

With respect to incarceration, the government agrees not to oppose a sentence at the low end of the Sentencing Guidelines range determined by the Court. In all other respects, except as otherwise provided in this Agreement, the government reserves its full right of allocution. Except as otherwise provided in this Agreement, your client reserves his full right of allocution.

### 4) Cooperation

Your client agrees to continue to cooperate completely, candidly, and truthfully in any investigation by the United States Attorney's Office for the District of Columbia, the United States Department of Justice, and law-enforcement agencies. Specifically, your client agrees:

    A. To provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation, including financial records and tax returns;

    B. To answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

    C. To make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    D. Not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    E. To comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide; and

    F. To answer, at trial, before the grand jury, or at any hearing arising out of an investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly.

### 5) Assessment of Cooperation

At the time of your client's sentencing, the Government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the Government. In addition, before sentencing, the government will evaluate the full nature, extent, and value of the cooperation provided by your client

to the Government. If the government determines that your client has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then the Government will file a motion pursuant to § 5K1.1. Your client understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the Government. Your client further understands that the failure of the government to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

6) <u>Court Not Bound by the Plea Agreement</u>

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

7) <u>Court Not Bound by the Non-Mandatory Sentencing Guidelines</u>

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

8) <u>Release/Detention</u>

Your client acknowledges that while the Government will not seek to detain your client pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

9) <u>Use of Certain Information</u>

The government and your client agree that because your client has agreed to cooperate with the government, information provided by your client pursuant to this cooperation agreement shall not be held against him for purposes of calculating his sentence, except as provided in §1B1.8(b).

**10)** <u>**Breach of Agreement**</u>

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**11)** <u>**Waiver of Statute of Limitations**</u>

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on

the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**12)** **Waiver of Right to DNA Testing**

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

**13)** **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia and the Criminal Division of the United States Department of Justice. This Agreement does not bind the Civil Divisions of the United States Attorney's Office or the United States Department of Justice, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to Assistant United States Attorney Howard Sklamberg once it has been signed by your client and by you or other defense counsel.

                Sincerely yours,

                *Jeffrey A Taylor/HS*

| | | |
|---|---|---|
| BRUCE G. OHR<br>Chief<br>Organized Crime and<br>    Racketeering Section | JEFFREY A. TAYLOR<br>United States Attorney<br>D.C. Bar No. 498610 | WILLIAM M. WELCH II<br>Chief<br>Public Integrity Section |

*Gregory CJ Lisa/HS*    *Howard R Sklamberg*    *Armando O. Bonilla/HS*

JENNIFER SHASKY CALVERY    HOWARD R. SKLAMBERG    ARMANDO O. BONILLA
Trial Attorney    D.C. Bar No. 453852    Trial Attorney
GREGORY C.J. LISA    Assistant U.S. Attorney    Criminal Division
Trial Attorney    Fraud & Public Corruption    U.S. Department of Justice
D.C. Bar No. 457739        Section    1400 New York Ave., NW
Organized Crime and    D.C. Bar No. 453852    12th Floor
    Racketeering Section    555 Fourth Street, NW    Washington, DC 20005
Criminal Division    Room 5836    T: 202-616-2983
U.S. Department of Justice    Washington, DC 20001    F: 202-514-3003
1301 New York Ave., NW    T: 202-514-7296
7th Floor    F: 202-305-8537
Washington, DC 20005
T: 202-514-3594
F: 202-514-3601

## DEFENDANT'S ACCEPTANCE

        I have read this Plea Agreement and have discussed it with my attorney, Kelly B. Kramer, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

        I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 12-4-07                                    RUSSELL JAMES CASO, Jr.
                                                                         Defendant

## ATTORNEY'S ACKNOWLEDGMENT

    I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 12/4/07

KELLY B. KRAMER, Esq.
Nixon Peabody LLP
401 Ninth Street, N.W. – Suite 900
Washington, DC 20004
T: 202-585-8255
F: 202-704-8280
Attorney for the Defendant